## No. 925

### First Circuit

----

### ISAAC v. CALCASIEU BLDG. & LOAN ASSN.

----

(February 8, 1932. Opinion and Decree.)
(March 8, 1932. Rehearing Refused.)

----

Robert R. Stone, of Lake Charles, attorney for plaintiff, appellant.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendant, appellee.

LeBLANC, J. Plaintiff appeals from a judgment rejecting his demand for $125, being a 5 per cent commission he claims on the sale of certain real estate in the city of Lake Charles at the price of $2,500.

He declares on a verbal contract entered into with Mr. W. E. Patterson, manager of the defendant company, under which he was given the right to offer the property for sale at $3,000. He alleges that he made an effort to sell the property to one Pierre F. Coco, but that the latter was unwilling to pay more than $2,500 for it. He avers further that he advised the defendant, through its manager Patterson, that Coco would buy at $2,500, but was instructed to make further efforts to sell at $3,000, and that he persisted in such efforts without success. He alleges finally that he later was advised by Coco that he had been approached by Patterson, representing his company, and that he had purchased the property from him for $2,500. His demand is predicated principally on the contention that he was the procuring cause that led to the final consummation of the sale of the property, and even though it was purchased at a lower price than he was authorized to sell it for, he is entitled to his commission.

The defense is, first, a denial of the alleged verbal contract as set out in plaintiff's petition, and, second, a denial that plaintiff was the procuring cause that led to the sale, as it is averred that defendant had no knowledge of his negotiations with the purchaser until after the sale had been completed.

It may be that plaintiff has shown by sufficient evidence that there was such an agreement between himself and the defendant under which he could have recovered a commission had he succeeded in selling the property for $3,000. As a general rule, we find no particular form of contract is necessary to create the relation of broker and principal. It may be either express or it may be implied from the conduct of the parties. See 9 C. J. p. 517, sec. 18. Indeed, defendant's manager seems to concede that point in favor of the plaintiff, when, in answer to a question if it could be reasonably inferred, from what dealings he had had with him in other matters, that a commission would be paid, he says he thinks that would go without any explicit agreement, and he adds that if the property were sold at the price given, undoubtedly they would pay a commission.

But whether or not there was an agreement to pay a commission on a sale at $3,000 is not the important issue in this case, as the sale was made for less than that amount and the commission claimed is based on the price at which it was sold.

The determining question therefore now arises: Was the plaintiff the moving cause which brought his principal and the purchaser of the property together, and finally procured its sale?

Plaintiff is very positive in his assertion that after Coco had told him he would pay $2,500 for the property, he went to Patterson to communicate this information to him, but found him busy, so went back to his office from where he called him over the telephone and imparted all the facts to him, expressly telling him that the offer came from Coco. Patterson, on the other hand, maintains that he never knew, until plaintiff called him over the telephone and demanded his commission, who his client was. He states that he had, at least six weeks before plaintiff asked him for a price on the property, spoken to Coco with a view of interesting him in

buying it. There is nothing to suggest in the least that one of these parties is less worthy of belief than the other, so, as between them, the evidence is evenly balanced on this important question. We have then to look to what supporting testimony there may be on either side, and when we proceed to do that, we find there is only one other witness, Coco, the purchaser, who unfortunately is so vague and indefinite in his recollection concerning the transaction, except that he knew positively that he would not pay more than $2,500 for the property, that he affords no assistance in solving the issue. He states that he is unable to answer whether or not Patterson called him and offered him the property before he saw Isaac. It appears certain, however, that Patterson had been trying to sell him a piece of property before he ever talked to Isaac, and when asked the direct question if he might not have offered the one herein involved in connection with others, he answers that it might be possible. Counsel for plaintiff lays stress on a letter of Patterson addressed to him in answer to a demand made for the commission claimed by plaintiff, but we are unable to find anything of a compromising nature in it. On the contrary, it strikes us as containing a statement of the position Patterson assumed throughout the whole transaction, that his company had been on a deal with Coco before Isaac spoke to him over the telephone about it and that he so informed him.

We agree with the trial judge that plaintiff has failed to show by a preponderance of the testimony that he was the procuring cause which led to the sale of the property to Coco, and as he carried that burden in order to recover, his demand was properly rejected.